# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES W. PAIR, JR., | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. |
| | *   1:21-CV-326 |
| WAL-MART STORES EAST, L.P. | *   Removed from the Circuit Court of |
| FICTITIOUS PARTIES A TO D | *   Coffee County, Alabama |
| | *   Case No. 71-CV-2020-900162.00 |
| | * |
| Defendants. | * |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
       MIDDLE DISTRICT OF ALABAMA
       SOUTHERN DIVISION

Defendant, WAL-MART STORES EAST, L.P., (hereinafter identified as "Wal-Mart"), gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Coffee County, Alabama, to the United States District Court for the Middle District of Alabama, Southern Division. As grounds for this removal, Defendant shows as follows:

## RELEVANT PROCEDURAL FACTS

1.   An action was commenced against Wal-Mart in the Circuit Court of Coffee County, Alabama, entitled *"James W. Pair, Jr., Plaintiff v. Wal-Mart Stores East, L.P., et al."* Civil Action No. CV-2020-900162. Attached as Exhibit "A" is the state court file in this action.

2.   According to the Circuit Clerk's office for the Circuit Court of Coffee County, Alabama, service of the initial pleading setting forth Plaintiff's claim for relief was affected upon Wal-Mart on December 31, 2020.

3.   On January 29, 2021, Wal-Mart, in response to Plaintiff's Complaint, propounded its First Interrogatories and Requests for Production and Requests for Admissions to Plaintiff seeking information

about, among other things, the nature and extent of Plaintiff's alleged injuries and the amount in controversy.

4. On February 23, 2021, Plaintiff filed his answers to Wal-Mart's Requests for Admissions. Plaintiff's filed responses contained multiple objections and insufficient responses, which prompted Wal-Mart to seek supplemental responses from Plaintiff.

5. On March 17, 2021, Plaintiff filed his amended answers to Wal-Mart's Request for Admissions.

6. In consideration of the Plaintiff's Complaint, discovery production, and amended answers to Wal-Mart's Request for Admissions, Wal-Mart filed a Notice of Removal with the Clerk of Circuit Court of Coffee County, Alabama on April 9, 2021. (Exhibit "B".)

7. Additionally, on April 9, 2021, Wal-Mart mailed its Civil Cover Sheet, Notice of Removal, Exhibits, and check in the amount of $402.00, to "Clerk of the Court, 3349543600, United States Middle District of AL, 100 West Troy St., Dothan, AL 36303" on April 9, 2021. (Exhibit "C".)

8. On April 28, 2021, Wal-Mart was notified by the Clerk of this Court that its April 9, 2021, mailing was improperly addressed to "100 West Troy St., Dothan, AL 36303" and should have been mailed to the Court's Montgomery, Alabama address.

## THE PARTIES ARE COMPLETELY DIVERSE

9. Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Alabama. In his Complaint, Plaintiff states that he is a resident of Alabama. (Complaint, ¶ 1.)

10. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a Delaware limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Management, LLC. Wal-Mart Stores East, L.P. is now and was at all times

material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Investment, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores East, LLC (i.e. the only member of WSE Investment, LLC is Wal-Mart Stores East, LLC), and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Management, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, (i.e. the only member of WSE Management, LLC is Wal-Mart Stores East, LLC) and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Walmart Inc., (i.e., the only member of Wal-Mart Stores East, LLC is Walmart Inc.) organized under the laws of the State of Arkansas, maintaining its principal place of business in Bentonville, Arkansas.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

11. Plaintiff's Complaint seeks unspecified actual/compensatory and punitive damages for personal injuries to Plaintiff, James W. Pair, Jr., including damages for bodily injury, past and future medical expenses, past and future physical pain and suffering, past and future mental distress, and past and future lost wages. (Complaint, ¶ 8 and unnumbered paragraph following ¶ 8.)

12. In his Complaint, Plaintiff did not request a specific amount of damages. Therefore, on January 29, 2021, Wal-Mart propounded its First Interrogatories and Requests for Production and Requests for Admissions to Plaintiff seeking information about, among other things, the nature and extent of Plaintiff's alleged injuries and the amount in controversy.

13.     On February 23, 2021, Plaintiff filled his answers to Wal-Mart's Requests for Admissions. Plaintiff's filed responses contained multiple objections and insufficient responses, which prompted Wal-Mart to seek supplemental responses from Plaintiff.

14.     On March 17, 2021, Plaintiff filed his amended answers to Wal-Mart's Request for Admissions

15.     In his amended responses to Wal-Mart's Requests for Admissions, Plaintiff denied that the damages did not exceed $75,000.00, denied that the amount in controversy did not exceed $75,000.00, exclusive of interest and costs, and otherwise answered in a manner establishing that the jurisdictional amount in controversy had been met. (Exhibit "D".)

16.     Moreover, on March 30, 2021, Plaintiff filed his responses to Wal-Mart's First Interrogatories and Requests for Production. In support of his allegation that the damages in this matter are in excess of $75,000.00, Plaintiff's responses to Wal-Mart's First Interrogatories and Requests for Production included medical records and billing statements. According to the billing statements accompanying Plaintiff's medical records, his medical expenses are in the amount of $65,078.09.[1]

17.     Likewise, in response to Wal-Mart's interrogatories, Plaintiff alleges injuries to his back, hip, leg, and feet. (Interrogatory no. 10.) Due to his injuries, Plaintiff claims that his injuries have caused him mental distress, diminished self-worth, and an increase sense of emotional agitation. (Interrogatory no. 15). He lists several daily activities he can no longer perform, from sitting, standing, walking, bending at the waist, twisting his body, sleeping, mowing his lawn, completing projects, coaching, and teaching. (Interrogatory nos. 17, 18, and 19). He considers himself completely disabled due to the injuries he sustained at Wal-Mart. (Interrogatory no. 19). He claims unspecified lost wages and loss of earning capacity and alleges his annual earnings before the incident were in the amount of $60,000.00 annually. (Interrogatory no. 21). (Exhibit "E".)

---

[1] Wal-Mart has not attached Plaintiff's billing records as an exhibit to protect Plaintiff's privacy. Redacted copies of those records will be provided to the Court upon request.

18. It is well settled that "[i]f a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1061 (11th Cir.2010) (citations and internal quotation marks omitted). However, a removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir.2010). Rather, the defendant may meet its burden by showing either that it is facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, or that there is "additional evidence demonstrating that removal is proper." *Roe,* 613 F.3d at 1061 (citations omitted). In cases where Plaintiffs seek damages for medical expenses, pain and suffering, lost wages, permanent or disabling injuries, and punitive damages, Courts have held that the amount in controversy requirement has been met. *See Surles v. Scott,* 2018 WL 3827398 (S.D. Ala. 2008) ("... while the Court cannot speculate on the amount in controversy, it can rely on its judicial experience and common sense in considering whether the amount in controversy has been met. In this case, in addition to medical expenses, Plaintiffs seek recovery of damages for lost wages, pain and suffering, and punitive damages arising out of a collision between their automobile and a truck on an interstate highway that resulted in their automobile landing in the median. Based upon these facts and the amount of the medical expenses incurred, the Court finds that Defendants have met their burden of proving that the amount in controversy exceeds the jurisdictional limits of this Court."); and *Sims v. Valluzzo,* 2016 WL 3211430 (S.D. Ala. 2016) ("In the aggregate, then, the court file reflects the following circumstances bearing on the amount in controversy: (i) to date, Sims has incurred out-of-pocket losses of $28,509.22; (ii) well into the lifespan of this case, long after the incident giving rise to the litigation took place, and after receiving substantial medical treatment, Sims sent a fairly detailed, specific demand letter to R.B.T.A. demanding $295,000 to settle her claims; (iii) as of February 2016, Sims continued to complain of constant pain and limited motion in her shoulders, and indicated that she would have sought out further medical treatment if she had health insurance; (iv) the Complaint seeks compensatory damages for such factors as pain and suffering, emotional distress and mental anguish; and (v) the Complaint also seeks punitive

damages for Sims' wantonness claim. Putting all of these facts and circumstances together, the Court is satisfied that R.B.T.A. has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds the sum of $75,000.")

19. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

20. Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal was filed with the Clerk of the Circuit Court of Coffee County, Alabama, and a written notice of this removal has been served on all adverse parties as required by law.

21. If any questions arise as to the propriety of the removal of this action, Wal-Mart requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

DATED this April 29, 2021.

/s/
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
MIGNON M. DELASHMET (DEL011)
mmd@delmar-law.com
JARRETT J. DIXON (DIX013)
jd@delmar-law.com
Attorneys for Defendant Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:   (251) 433-1577
Facsimile:    (251) 433-1578

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this day April 29, 2021 served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Stephen G. McGowan
Stephen McGowan, Attorney at Law
207 West Troy Street
Dothan, Alabama 36303

/s/
OF COUNSEL